# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

| | |
|---|---|
| JAMES GENDEMEH, | ) |
|     Plaintiff, | ) |
| vs. | ) CAUSE NO. 3:21-CV-617-CHB |
| BROWN-FORMAN CORPORATION, | ) |
|     Defendant. | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. NATURE OF THE CASE

1. Plaintiff, James Gendemeh ("Plaintiff" or "Gendemeh"), by counsel, brings this action against Defendant, Brown-Forman Corporation ("Defendant" or "BFC") alleging violations of the Family Medical Leave Act ("FMLA") and the Kentucky Civil Rights Act ("KCRA").

### II. PARTIES

2. Plaintiff is a resident of Jefferson County, Kentucky.

3. Defendant maintains offices and conducts business within the geographical boundaries of the Western District of Kentucky.

### III. JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. §1343; 42 U.S.C. §12117; and 29 U.S.C. §2617(a)(2).

5. A substantial part of the events, transactions, and occurrences relevant to

this lawsuit arose within the geographical environs of Western District of Kentucky; thus, venue is proper in this Court.

6. Defendant is an "employer" as that term is defined by 29 U.S.C. §2611(4) and KRS 344.030(2).

7. Plaintiff is an "employee" as that term is defined by 29 U.S.C. §2611(3) and KRS 344.030(5).

8. Plaintiff is an "eligible employee" as that term is defined by 26 U.S.C. §2611(2)(A).

9. Plaintiff has a "disability" as that term is defined by KRS 344.010(4).

10. Plaintiff is a "qualified individual with a disability" as defined by KRS 344.010(1) and/or Defendant knew of Plaintiff's disability and/or Defendant regarded Plaintiff as being disabled.

## IV. Factual Allegations

11. Gendemeh's national origin is Sierra Leone and he was hired by Defendant as a Barrell Raiser in or around February of 2012.

12. At all relevant times, Gendemeh was qualified for his position and met or exceeded Defendant's legitimate performance expectations throughout his employment.

13. Gendemeh always received positive performance reviews. Gendemeh was promoted to Barrell Inspector and performed some Cooper duties.

14. In early September of 2018, Gendemeh began having issues with his knee, and was placed on FMLA leave until he could have surgery performed.

15. Gendemeh's knee injury substantially limited his ability to perform tasks such as running, lifting, kneeling, and standing and walking for long periods of time.

16. Gendemeh returned to work in late September of 2018 with no issues.

17. During the next year, Gendemeh's knee injury would occasionally have flare ups and he would be forced to take off work.

18. Defendant utilized a point system for employee attendance. Employees were only allowed to accumulate six (6) points in a three (3) month period. At the end of each three (3) month period, one (1) point would be dropped from the employee's attendance record. Any employee who accumulated seven (7) or more points during a three (3) month period would be eligible for termination.

19. Due to his disability, Gendemeh was forced to take off work six (6) times in late Summer of 2019.

20. In or around September of 2019, Gendemeh's wife suffered an injury in an accident and was hospitalized. Gendemeh's wife called Yolanda Priecher (Priecher), Human Resources Manager, from the hospital and informed her of the accident.

21. That same day, Priecher informed Gendemeh of his wife's accident and permitted him to call her. Priecher also instructed Gendemeh to leave work to take care of his wife. Gendemeh expressed his concerns about potentially losing his job if he were

to take off work and accumulate a seventh absence. Priecher stated, "This will not count against you in any case, and you should go." Gendemeh followed Priecher's instruction and left work to care for his wife.

22. The very next day, Gendemeh was written up for violating the attendance policy. After disputing the write up, Priecher withdrew the seventh point, but failed to update Gendemeh's record. The write up and seventh point were not removed from Gendemeh's record, as they should have been.

23. In or around October of 2019, Gendemeh was suffering from a disability flare up and unable to attend work. Despite giving notice and providing a doctor's note, Gendemeh was terminated the very next day.

24. Several other non-disabled employees and employees of American origin were not terminated for violating Defendant's attendance policy. In the alternative, other employees may be terminated, but would be offered re-employment with a probation period shortly after. For example, this offer was extended to Bruce Stenton.

25. Gendemah was not offered either a probationary period, nor re-employment, despite requesting such.

26. Gendemeh's was the only employee from Sierra Leone and/or disabled employee in his position and/or a similar position.

27. Similarly situated American employees and those without a disability were treated more favorably.

28. The reasons given for terminating Plaintiff are pretext.

## V. CAUSES OF ACTION

### COUNT I – FMLA – INTERFERENCE

29. Gendemeh hereby incorporates paragraphs one (1) through twenty-eight (28) of his Complaint.

30. Defendant unlawfully interfered with the exercise of Gendemeh's rights under the FMLA.

31. Defendant's actions were intentional, willful, and in reckless disregard of Gendemeh's rights as protected by the FMLA.

32. Gendemeh suffered damages as a result of Defendant's unlawful actions.

### COUNT II – FMLA – RETALIATION

33. Gendemeh hereby incorporates paragraphs one (1) through thirty-two (32) of his Complaint.

34. Defendant retaliated against Gendemeh for exercising his rights under the FMLA.

35. Defendant's actions were intentional, willful, and in reckless disregard of Gendemeh's rights as protected by the FMLA.

36. Gendemeh suffered damages as a result of Defendant's unlawful actions.

### COUNT III – KCRA – DISABILITY DISCRIMINATION

37. Plaintiff hereby incorporates paragraphs one (1) through thirty-six (36) of his Complaint.

38. Defendant discriminated against Plaintiff on the basis of his disability.

39. Defendant's actions were intentional, willful, and in reckless disregard of Plaintiff's rights as protected by the KCRA.

40. Plaintiff suffered damages as a result of Defendant's unlawful actions.

### COUNT IV – KCRA – NATIONAL ORIGIN DISCRIMINATION

41. Plaintiff hereby incorporates paragraphs one (1) through forty (40) of his Complaint.

42. Defendant discriminated against Plaintiff based on his national origin.

43. Defendant's actions were intentional, willful, and taken in reckless disregard of Plaintiff's legal rights.

44. Defendant's unlawful actions violated Plaintiff's rights as protected by the KCRA.

45. Plaintiff suffered damages as a result of Defendant's unlawful actions.

### VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, James Gendemeh, respectfully requests that this Court enter judgment in his favor and award him the following relief:

1. All wages, benefits, compensation, and other monetary loss suffered as a result of Defendants' unlawful actions;

2. Enjoin Defendant from discriminating against anyone else based on their disability or national origin;

3. Reinstate Plaintiff to his previous position, with the same seniority, benefits, and duties he is entitled to, or award front pay in lieu thereof;

4. Award compensation for any and all other damages suffered as a consequence of Defendants' unlawful actions;

5. Pay liquidated damages for Defendant's violation of the FMLA;

6. Award compensatory damages under the KCRA;

7. Award all costs and attorney's fees incurred as a result of bringing this action;

8. Award pre- and post-judgment interest on all sums recoverable; and

9. All other legal and/or equitable relief this Court sees fit to grant.

Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC
By: /s/ Devan A. Dannelly
Devan A. Dannelly, KBA 98740
101 North 7th Street, Ste. 603
Louisville, KY 40202
Telephone: (502) 561-3484
Facsimile: (812) 424-1005
Email: ddannelly@bdlegal.com
*Attorney for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff, James Gendemeh, by counsel, requests a trial by jury on all issues deemed so triable.

Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC
By: /s/ Devan A. Dannelly
Devan A. Dannelly, KBA 98740
101 North 7th Street, Ste. 603
Louisville, KY 40202
Telephone: (502) 561-3484
Facsimile: (812) 424-1005
Email: ddannelly@bdlegal.com
*Attorney for Plaintiff*